United States District Court

District of Massachusetts

District Court Docket
No. #

FILED
IN CLERKS OFFICE
2020 MAY 21  PM 1:18
U.S. DISTRICT COURT
DISTRICT OF MASS.

Donald P Renkowicz

    Plaintiff

    vs

Commonwealth of Massachusetts, Department of Correction, Commissioner - Carol Mici   And

Commonwealth of Massachusetts, Department of Correction - Commissioner / Designee

Jennifer E. Gilardi,  and

Massachusetts Department of Correction, MCI-Cedar Junction - Superintendent, Douglas W DeMoura

And

Massachusetts Department of Correction MCI-Cedar Junction - Superintendent / Designee

Joy L Gallant  and

Massachusetts Department of Correction - MCI-Cedar Junction - Institutional Treasurer,

Joyce Wesseh and

Massachusetts Department of Correction, MCI-Cedar Junction - Institutional Treasurer - Karen

Lane and

Massachusetts Department of Correction, MCI-Cedar Junction - Classification Board Chairperson

Jennifer Markham and

Massachusetts Department of Correction - MCI-Cedar Junction - Classification Board,

Correctional Program Officer, Vanessa Rideout And

Massachusetts Department of Correction - MCI-Cedar Junction, Classification Board Security

member David Caparelle and

Massachusetts Department of Correction, MCI-Concord - Superintendent - Michael Rodrigues

And

1

MASSACHUSETTS DEPARTMENT OF CORRECTION MCI-Concord-DIRECTOR OF CLASSIFICATION Lynn LAREAU and

MASSACHUSETTS DEPARTMENT OF CORRECTION MCI-Concord, CLASSIFICATION Board chairperson, Tom

Hoathey and

MASSACHUSETTS DEPARTMENT OF CONNECTION MCI-Concord-CLASSIFICATION Board-CORRECTIONAL Program

OFFICER MEMBER Matthew Hongan and

MASSACHUSETTS DEPARTMENT OF CORRECTION-MCI-Concord-CLASSIFICATION Board SECURITY MEMBER

OFFICER LARSON and

MASSACHUSETTS DEPARTMENT OF CORRECTION, MCI-Concord-INSTITUTIONAL TREASURER, Debra Mosches

and

MASSACHUSETTS DEPARTMENT OF CORRECTION-MCI-Concord-INSTITUTIONAL TREASURER-Leslie Ripkey and

ACCESS CORRECTIONS-SECURE DEPOSITS and

SECURUS TECHNOLOGIES, INC. PRESIDENT ROBERT PICKENS and

T.K.C. Holdings Inc.

       DEFENDANTS


        JURISDICTION


1.) This COURT Has JURISDICTION OVER THIS MATTER PURSUANT TO 28 USCA $1332


       Complaint
         PARTIES


2) PLAINTIFF Donald P. BENKOWICZ IS A RESIDENT OF MASSACHUSETTS, County OF Hampshire

   (HEREINAFTER PLAINTIFF)


3) DEFENDANT, Commonwealth OF MASSACHUSETTS, DEPARTMENT OF CORRECTION-Commissioner, Carol Mici,

IS THE EXECUTIVE DIRECTOR OF ALL OF MASSACHUSETTS CORRECTIONAL INSTITUTIONS, FACILITIES

(STATE and County) ACTING under color of STATE and is a Resident of Massachusetts (HEREINAFTER DEFENDANT Mici)

4) DEFENDANT Commonwealth of Massachusetts, Department of Correction, Commissioner /Designee Jennifer F Gihardi is an Employee of the Department of Corrections under the Commissioner Acting under color of STATE when making Decisions about Classifications For the Department of Corrections, Commissioner and is a Resident of Massachusetts (HEREINAFTER DEFENDANT, Gilardi)

5) DEFENDANT, Massachusetts Correctional Institution - Superintendent - Douglas W. DeMoura is the Executive Officer who is over Seeing the Administration at MCI- Cedar Junction while Acting under color of STATE and is a Resident of Massachusetts (HEREINAFTER DEFENDANT, DeMoura)

6) DEFENDANT Massachusetts Correctional Institution - Cedar Junction, Superintendent / Designee, Joy L Gallant is an Employee under the Superintendent Acting under color of STATE when making Decisions about Classifications For the Superintendent at MCI- Cedar Junction and is a Resident of Massachusetts (HEREINAFTER DEFENDANT, Gallant)

7) DEFENDANT, Massachusetts Correctional Institution - Cedar Junction - Institutional Treasurer - Joyce WESSEL is a Public Employee Acting under color of STATE whose Responsibilities are Depositing and Issuing checks out of Inmate Accounts and Managing the overall operations and Reconciliation of the Inmate Account System For Inmate Funds and is a Resident of Massachusetts (HEREINAFTER DEFENDANT WESSEL)

8) DEFENDANT, Massachusetts Correctional Institution - Cedar Junction - Institutional Treasurer - Coran Lane is a Public Employee Acting under color of STATE whose

3

Responsibilities are Depositing and Issuing checks out of Inmate Accounts and managing the overall operations and Reconciliation of the Inmate Account System For inmate Funds and is a Resident of Massachusetts ⟨ Hereinafter Defendant Lane ⟩

9) Defendant, Massachusetts Correctional Institution - Cedar Junction - Classification Board chairperson, Jennifer Markham is a Correctional Employee who Conducts and over see the Classification Hearings acting under color of State and is a Resident of Massachusetts ⟨ Hereinafter Defendant Markham ⟩

10) Defendant Massachusetts Correctional Institution, Cedar Junction, Classification Board ⟨C.P.O.⟩ Correctional Program Officer, Vanessa Rideout is a Correctional Employee who over see the Paperwork of the Inmate (s) Prior To and during the Inmate (s) Classification Hearing who is Acting under color of State and is a Resident of Massachusetts ⟨ Hereinafter Defendant Rideout ⟩

11) Defendant Massachusetts Correctional Institution - Cedar Junction - Classification Board security member - David Cafarelle is a Correctional Officer who gives a Third opinion during the Classification Hearing and is Acting under color of state and is a Resident of Massachusetts ⟨ Hereinafter Defendant Cafarelle ⟩

12) Defendant, Massachusetts Correctional Institution - Concord - Superintendent, Michael Rodriques is the Executive Officer Acting under color of State who over see the Administration at MCI-Concord who is a Resident of Massachusetts ⟨ Hereinafter Defendant Rodriques ⟩

13) Defendant, Massachusetts Correctional Institution · Concord - Director of Classification, Lynn Lareau is a Correctional Employee who over see the operations of the

INSTITUTIONS CLASSIFICATION BOARD PROCESS FOR INMATES WHO IS ACTING UNDER COLOR OF STATE AND IS A RESIDENT OF MASSACHUSETTS (HEREINAFTER DEFENDANT LAREAU)

14) DEFENDANT, MASSACHUSETTS CORRECTIONAL INSTITUTION-CONCORD-CLASSIFICATION BOARD CHAIRPERSON, TOM HARTLEY WHO IS ACTING UNDER COLOR OF STATE AND IS WHO CONDUCTS THE RECLASSIFICATION HEARINGS AND OVER SEE THEM AND IS A RESIDENT OF MASSACHUSETTS (HEREINAFTER DEFENDANT HARTLEY)

15) DEFENDANT MASSACHUSETTS CORRECTIONAL INSTITUTION-CONCORD-CLASSIFICATION BOARD, (C.P.O.) CORRECTIONAL PROGRAM OFFICER MEMBER MATTHEW HORGAN ACTING UNDER COLOR OF STATE IS THE PERSON RESPONSIBLE FOR INFORMATION AT THE INMATE CLASSIFICATION HEARING AND TO MAKE SURE IT IS IN ORDER AND IS A RESIDENT OF MASSACHUSETTS (HEREINAFTER DEFENDANT HORGAN)

16) DEFENDANT MASSACHUSETTS CORRECTIONAL INSTITUTION-CONCORD-CLASSIFICATION BOARD SECURITY MEMBER OFFICER LARSON IS A THIRD PARTY TO THE CLASSIFICATION BOARD WHO GIVES HIS OWN OPINION WITH INMATE HEARING ACTING UNDER COLOR OF STATE AND IS A RESIDENT OF MASSACHUSETTS (HEREINAFTER DEFENDANT LARSON)

17) DEFENDANT ACCESS CONNECTION-SECURE DEPOSITS IS A WHOLLY OWNED SUBSIDIARY OF KEEFE GROUP WHICH IS UNDER CONTRACT WITH T.K.C. HOLDING, INC. THAT HAS AN OUT OF STATE AT PO BOX 12486 SAINT LOUIS, MISSOURI 63132 AND IS IN CHARGE OF SECURING MASSACHUSETTS CORRECTIONAL INSTITUTION, FACILITIES, INMATE ACCOUNTS, FUNDS INCLUDING DEPOSITING AND PROCESSING ANY AND ALL CHECKS, MONEY ORDERS INTO INMATE ACCOUNTS (HEREINAFTER DEFENDANT, ACCESS CONNECTION)

18) DEFENDANT, SECURUS TECHNOLOGIES, INC IS A WHOLLY OWNED SUBSIDIARY OF T.K.C HOLDINGS INC., AND IS A PRIVATE TELECOMMUNICATIONS COMPANY THAT PROVIDES A INMATE/PRISONER TELEPHONE SERVICE/SYSTEM IN SEVERAL MASSACHUSETTS CORRECTIONAL INSTITUTIONS, FACILITIES,

( STATE and COUNTIES X HEREINAFTER DEFENDANT SECURUS )

19) DEFENDANT T.K.C Holding, Inc. is the Corporation who owns and/or Contracts with Securus Technologies, Keefe Group, Access Connections-Secure Deposits and over see Their operations and Policies and who is Responsible for gathering contracts To operate in The Massachusetts Correctional Institutions and Facilities ( STATE and County ) To Provide services To Inmates / Prisoners and Has a Principle Address at 1260 Andes Boulevard, Saint Louis, Missouri 63132 ( HEREINAFTER DEFENDANT TKC Holdings )

## FACTS
### MCI· CEDAR JUNCTION

20) DEFENDANTS - Mici, Gilardi, DeMoura, Gallant, Wessel, Lane, Markham, Rideout, and Defendant Cafarelli Refuse To Provide Their ( Insider Institutional ) Policies and Procedures Pertaining To The code of Massachusetts Regulations ( Department of Correction ) 103 CMR 400.00 Seq. SERIES including Department of Correction 103 DOC 750 ( Hygiene Standards )

21) DEFENDANTS - Mici, Gilardi, DeMoura, Gallant, Wessel, Lane, Markham, Rideout, Cafarelli, Have violated several code of Massachusetts Regulations Throughout The Department of Correction 103 CMR 400.00 Seq SERIES including Their own Policies and Procedures That are written down in Their own Inmate Orientation Manuals, including The Massachusetts Male Objective Classification Operational Manual

22) DEFENDANTS - Mici, DeMoura, Securus Technologies, Gilardi, Markham, Rideout, Cafarelli, Gallant, Have violated The United States Constitution Amendments 1, 8, 14 And Possibly some other Prisoner Rights

Facts

MCI- Concord

23) Defendants - Mici, Rodrigues, Lareau, Hartley, Horgan, Larson, Moschos, Ripley Refuse To Provide their (inner Institution) Policies and Procedures Pertaining To The Code of Massachusetts Regulations (Department of Correction) 103 cmr 400.00 seq series and Department of Correction Regulation 103 Doc 750

24) Defendants - Mici, Rodrigues, Lareau, Hartley, Horgan, Larson, Moschos, Ripley, Have violated several code of Massachusetts Regulations Throughout The Department of Correction 103 cmr 400.00 seq series including Their own Policies and Procedures That are written down in Their own Inmate Orientation Manuals and the Department of Correction, Make Objective Classification Operational Manual

25) Defendants - Mici, Rodrigues, Securus Technologies, Lareau, Hartley, Horgan, Larson, Moschos, Riply, Have violated The United States Constitution Amendments 1, 8, 14, and Possibly some other Prisoner Rights

Statement of Facts

MCI- Cedar Junction

26) Defendants - Mici, DeMoura, Securus Technologies, Inc. violated 103 cmr 482.00 seq series by not Allowing The Plaintiff "collect calls" starting with His Admission To The State Prison System. On February 27th, 2019 The Plaintiff Had Entered The Massachusetts State Prison System At Massachusetts Correctional Institute - Cedar Junction (A.K.A. Walpole) 2405 main street, P.O. Box 100 South Walpole, mass 02071 To serve a sentence of 3 years And 1 day. Upon being Processed and Stripped searched was denied a Telephone call And was Taken To The Medical Department Unit To Detox from Alcohol (1 week) And Then was Transferred To An Orientation Unit

( Block 1 ) and approximently Three (3) weeks later was Transferred Again to a General Population unit ( Block-7 ) during this Period of time the Plaintiff was in fact "Indigent" and did not Have the "use of" nor Have Any Funds to "Access to" and or use of the Telephone System within this Institution. In the Department of Correction Regulation 103 cmr 482.06 (3X0), states; "Inmate Telephone Calls " "Shall Be" Placed as Either a "collect call "or a Pre-Paid Debt call, All utilizing an Automated Operator, a Transfer of Money From Personal Funds to a Debt Phone Account must be done Prior to making Debt calls, nor did the Plaintiff Have the "use of" the Keefe Commissary Kiosk machine to get or order debt calling cards /minutes nor could He get or order Personal Hygiene Products, Cosmetics, Toietries, Ect. The Plaintiff Had Tried to Speak with a (C.P.O.) Correctional Program Officer /Case worker who is suppose to show up in the Inmate Units twice a week on ( Tuesdays and Thursdays ) to see if He could get an Institutional Phone to call Family, Friends, and was Told That it was Against Institutional Policy and Proccedure ( Department of Correction 103 cmr 482.06 (2), states; Each Superintendent shall make arrangments to Have Adequate Number of Inmate Telephones Available For Inmate use. Institutional Buisness Telephones shall not Be used For Inmate Telephone contact Except in Emergency or unusual situations ( eg serious ill Family member or oral Arguments For Court Hearings ) and then only with the Permission of the Superintendent or Designer. Outgoing Telephone calls only shall be Allowed, subject To the Conditions Authorized by 103 cmr 482.00 ( Massachusetts Department of Correction Inmate Orientation Manual 2018 ), states; Page 38-39 of the MCI-Cedar Junction Manual; Telephone Proccedures - Funds to utilized the Phone System must be added to your Phone Account VIA your weekly Commissary orders utilizing the Kiosks in # 1.00 dollar increments. Funds will be deposited to serurbs Accounts After the Canteen orders Have Been Processed ( Monday ) and Accounts will Reflect the New Available balance on ( Tuesday ). If There is a Change to the Canteen schedule due to a Holiday, Proper Notice and direction will be given # 455.00 is the maximum Amount That may be added to your Phone Account Per week. This is in Addition to the # 75.00 dollar weekly commissary Spending Limit

IF THE KIOSKS ARE NOT FUNCTIONING Properly, bubble sheets will be utilized using code # 9801

IF AN INMATE IS ON CANTEEN RESTRICTION, HE may still Add Funds to THEIR Account WEEKLY FOR Telephone use by utilizing THE RESTRICTED CANTEEN bubble sheet. Bubble sheets NEED TO BE Submitted TO THE C.P.O. ON TUESday OF EACH WEEK. All INMATES will BE ASSIGNED A PIN ⟨ PERSONAL IDENTIFICATION NUMBER ⟩ which must BE USED IN ORDER TO MAKE CALLS. THE PIN MUST BE KEPT CONFIDENTIAL AND NOT SHARED WITH OTHER INMATES

INMATES ARE Limited TO TEN (10) Approved TELEPHONE NUMBERS, PLUS up TO FIVE (5) ATTORNEY TELEPHONE NUMBERS. INMATES should choose TO 10 PERSONAL TELEPHONE NUMBERS, IN Addition, All INMATES will HAVE ACCESS TO THE Following NUMBERS ABOVE AND beyond THOSE ON your LIST ⟨ Page 39 - CEDER JUNCTION INMATE MANUAL ⟩. ATTORNEY TELEPHONE NUMBERS MUST BE BUISNESS NUMBERS ONLY, which will BE VERIFIED Through THE BAR DIRECTORY. ATTORNEY CALLS WILL NOT BE RECORDED OR MONITORED.

INMATES ARE ENTITLED TO MAKE UNMONITORED AND UNRECORDED "COLLECT" TELEPHONE CALLS TO your DESIGNATED AND PRE-Approved ORDAINED CLERGYMAN AND TO your PRE-Approved AND LICENSED PSychologist, SOCIAL WORKER, AND/OR MENTAL HEALTH AND HUMAN SERVICE PROFESSIONAL. IN ORDER TO complete THE PRE-Approval PROCESS, THE INMATE MUST SUBMIT TO OUR INSTITUTION TELEPHONE SITE ADMINISTRATOR THE Following;

(a) A DESIGNATION OF THE CLERGY MAN OR PROFESSIONAL THE INMATE WISHES TO CALL

(b) A LETTER FROM THE CLERGYMAN OR PROFESSIONAL ATTESTING TO THE PROFESSIONAL RELATIONSHIP THAT EXIST BETWEEN THEM AND THE INMATE. THE SUPERINTENDENT MAY REQUIRE ADDITIONAL DOCUMENTATION, AS NECESSARY

No CLERGYMAN Employed by THE DEPARTMENT OF CORRECTION, AND NO PROFESSIONAL Employed by THE DEPARTMENT OR CONTRACTING TO Provide SERVICES ON behalf OF THE department MAY BE DESIGNATED by AN INMATE, OR will Such individuals be PRE-Approved. TELEPHONES MAY BE USED WHEN INMATES ARE IN THE yard OR OUT FOR INDOOR RECREATION IN THE HOUSING UNITS. THE duration OF EACH CALL will BE Limited TO 30 MINUTES, AFTER which THE CALL will BE Automatically disconnected. HOWEVER, INMATES will BE ABLE TO MAKE unlimited NUMBER OF

shorter calls with in those 30 minutes if desired. All inmates will be able to make changes on their phone list during the first week of January, April, July, and October. It is also possible for inmates to place international phone calls. Information regarding how to register phone numbers payment information, rates, and procedures is available from unit team.

Exhibits A, B

## Hygiene
## MCI-Cedar Junction

27) The Plaintiff did speak to a Correctional Program Officer (C.P.O.) concerning getting a Hygiene Kit (a.k.a. ditty bag) so that he could take showers with soap, shampoo, and other cosmetics to maintain hygiene and was told to write to the Institutional Treasurer, Joyce Wessel and/or Caran Lane to recieve a ditty bag that contains; 1 oz-shampoo, 1 oz-deodorant, 1 comb, 3-Razors, 1-safety pen, 3-1 oz-tubes of toothpaste, 1-safety toothbrush, 12-#10 white envelopes, 12-pieces of lined paper, and the Plaintiff (Indigent Prisoners) can only recieve a ditty bag once a month (Massachusetts Correctional Institute-Cedar Junction, Inmate Orientation Manual, 2018) states; Page 8, Section D, Inmate Showers - Inmates shall be permitted to take showers in accordance with the shower schedule posted in each housing unit.

Now under the Commonwealth of Massachusetts, Department of Correction Regulation 103 DOC 750 Defendants- Wessel, and Lane Have violated by not Adhering to such Regulations as stated: Hygiene Standards - 750.11, - Personal Hygiene (July 2017):

1) New Commitments and New Admissions are provided with Articles Necessary for the maintenance of proper Personal Hygiene in Accordance with 103 DOC 401.01

2) Each Superintendent shall develope Procedures to Ensure that, at the minimum, one Roll of Toilet tissue and one bar of soap is issued per week to inmates, as needed or upon Request. Procedures should also include a mechanism for Inmates, with special circumstances (e.g. medical issues, theft, ect.) to Request Additional Toilet Tissue or Soap in the Interim Period before the next Allotment.

3) Hygiene articles are also available for purchase through the institutional canteen." Indigent inmates may request hygiene articles, other than toilet tissue and bar of soap through a staff person designated by the superintendent. ⟨Institutional treasurer - Wessel or Lane⟩

4) Inmates shall be enabled to shower, perform bodily functions, and change clothing without non-medical staff of the opposite gender viewing their breasts, buttocks, or genitalia, except in exigent circumstances or when such viewing is incidental to routine cell checks

5) Superintendents shall develope procedures to ensure inmates identified as having gender identity disorder or intersex inmates shall be given the opportunity to shower seperately from other inmates. ⟨See Authorities: Dawson vs Kendrick 527 F Supp 1252, 1313-14 (SDW VA 1981) ⟨Pennant vs Taylor 451 US 527, 535 (1981)

Exhibit (s) B, C

## Inmate Funds / Accounts
## M.C.I. Cedar Junction

28) On March 28th, 2019 a correspondence letter arrived at the Massachusetts Correctional Institute ⟨M.C.I.-Cedar Junction⟩ for the plaintiff and upon arrival the institutional mail room personal opening and searching the plaintiff correspondence they had removed a bank check in the amount of $1,375.00 dollars and sent the plaintiff a "contraband notice" with some instructions on how to dispose of the contraband; (a) Return to sender or other, (b) Have it disposed of as the institution see fit, (c) Have it distroyed ⟨Now under Department of Correction Regulation 103 CMR 403.05 - Definitions states: Contraband; "Any item (s) not Approved" for inmate retention at an institution ⟩ The plaintiff was confused as to why his bank check was thought to be contraband and went to speak with the institutional treasurer, Conan Lane and Institutional treasurer, Joyce Wessel, and was informed that the MCI-Cedar Junction Administration had changed

their Institutional Policies and Procedures and was not going to Handle the Inmate Funds or Inmate Accounts and the "New Process" Policy and Procedure would be to Re-mail his Bank check to a Company they Had contracted with: ⟨ Access Connection - Secure Deposits - Massachusetts D.O.C. P.O. Box 12486, Saint Louis, Missouri 63132 ⟩, soThat His Bank check would be Properly Processed and then Deposited into His Inmate Account, so The Plaintiff Had sent the MCI-Ceder Junction Institution mail Room Personal a Self-Addressed stamped Envelope with The above address so that they could Remail out the Plaintiff's Bank check on March 29, 2019"

⟨ Commonwealth of Massachusetts, Department of Correction, Regulation 103 cmr 481.12 (2), states: All incoming Non-Privileged correspondence and Packages may be Required to Successfully Pass a Fluoroscope Examination For contraband materials and shall be opened and Inspected before delivery to the Inmate. The Purpose of Inspection will be To Recieve and Receipt any Funds Enclosed For the Inmate; To verify and Record the Receipt of Permitted Personal Property; And to Prevent the Transmission of Contraband To The Inmate ⟩ Now the Defendants, Mici, Lane, Wessel and other Correctional Officers (mail Room Personal) did violate the Department of Correction Regulation 103 cmr 481.12 (2) and the Policies and Procedures That are written down in The M.C.I-Ceder Junction Inmate Orientation Manual Concerning Inmate Funds and Inmate Accounts

Exhib,T(s) $B, D, E$

29) On April 19, 2018 a Correspondence Letter Arrived at MCI-Ceder Junction, Institution For The Plaintiff From Inmate Calling Solutions, LLC, which is a Private Telephone Access Company For inmates at Hampshire Jail and House of Correction Facility who sent a Personal Rebate/Refund check to the Plaintiff For a Refund From His County Phone Account And The Defendants, Mici, Wessel, Lane, at the MCI-Ceder Junction Administration Had decided To Process That Personal check and send a Inmate Income Receipt To the Plaintiff Showing That they Had Frozen His Account For at Least seven (7) days and Took out an an Inmate Account, maintenance and Administration Fee's under MGLA c.124 §, (a) in

The Amount of $100 dollar violating Their own Policies and Procedures They Had in Place in March 28th 2019 (All inmate Funds (incoming) goes To Access Connection - Secure Deposits, Massachusetts D.O.C. )

Exhibit B, D, E

30) On April 22nd 2019 a Correspondance Letter Arrived at the MCI-Cedar Junction, Institution For The Plaintiff From Hampshire Jail and House of Correction, Finance Department who sent a Personal check To The Plaintiff and the Defendants, Mici, Wessel, Lane, Demoura of the MCI-Cedar Junction Administration went ahead and Processed That check and Had never Notified The Plaintiff That They deposited The Amount of $93.85 dollars into His Inmate Account violating The New Process on Inmate Funds and Accounts Including The Policies and Procedures They Had in Place in March 28th 2019 including code of Massachusetts Regulation (Department of Connection) 103 cmr 481.12 (2)

Exhibit B, D, E

LEGAL MAIL / PERSONAL CORRESPONDENCE
MCI-CEDER JUNCTION

31) On April 23nd 2019 The Defendants, Demoura, Wessel, Lane, Had Refused To mail out Plaintiff's Legal mail and Personal mail by stating That The Legal mail was social mail and The Plaintiff's social mail needed Postage because They Say He was not Indigent

Exhibits B, F

32) On April 29th 2019 The Plaintiff was Finally Able To order His First Commissary in which He could Purchase All The Necessary cosmetics, shampoo, soap, Ect. That He needed To maintain His Hygiene and To order $20.00 dollars worth of Pre-Paid Telephone Debt cards so He

could Have Access To The, and use oF The, Inmate Telephone System That is Provided by Securus Technologies, Inc.

Exhibit B. E

## CLASSIFICATION
### MCI-ceder Junction

33) On May 15th 2019 The Massachusetts Correctional Institution-Cedar Junction, staff members, Defendants, Markham, Rideout, and Cafarelli did Hold A classification Hearing with The Plaintiff In which Those Correctional staff members (Defendants, Markham, Rideout, Cafarelli did Violate The Massachusetts Objective Point Base classification Manual system, (Department of Correction 103 cmr 420.07, -103 cmr 420.08, -103 cmr 420.09 B2, C and D), And Had used Their own opinions To classify The Plaintiff To Massachusetts Correctional Institution-Concord (medium security)

   Now The Plaintiff Had NEVER Filed or Submitted An Inmate Placement Request/Appeal Form However, The Plaintiff's classification Papers/Report shows That Defendant, Gallant Had Put Her signature/name under The Superintendent/Designee Recommendation and There was A Commissioner/Designee Recommendation Decision made by Defendant, Gilardi made A written decision To send The Plaintiff To Plymouth County Correctional Facility For unKnown Reasons From May 30th 2019 Through June 3rd 2019 when The Superintendent or other staff member decided To Transfer The Plaintiff To M.C.I-Concord because They could not Pay or offord The cost of The Plaintiff's medication And During This Time Period The Plaintiff was NEVER able To "Access or use" The Inmate Telephone System. Prior To The second classification Papers/Reports The Plaintiff did send a letter To The Massachusetts Department of Correction, Defendant, Commissioner, Mici informing Her of The wrongful ongoings Issues The Plaintiff was Having at The M.C.I-cedar Junction, Institution

Exhibits G

14

34) On May 20th, 2019 the Defendants, DeMoura, Wessel, and Lane Had Retrieved the Plaintiff's Bank check /Funds From Defendant, Access Connection · Secure Deposits · Massachusetts DOC, since they did not Process, non Deposit Plaintiff's Bank check into His Account as Required by the New Policies and Procedures " of the MCI-cedar Junction Institution and by the Defendant, Access Connection - Secure Deposits, Massachusetts DOC Themselves

Exhibit E

35) Defendants, DeMoura, Wessel, Lane, Had Processed the Plaintiff's Bank check And deposited Those Funds into His inmate Account by violating Their "New Policies And Procedures" in Handling Inmate Funds And Accounts

Exhibit E

## Telephones
## MCI- Concord

36) Defendants, Mici, Rodriques, Securus Technologies, Have violated The Code of Massachusetts Regulation (Department of Connection) 103 cmr 482.06 (3)(a)(g) by not "Allowing collect calls "in The Inmate Telephone System And or in The Securus Technologies system That is in Place at MCI- Concord Institution (Ex specially Indigent Inmates)

(Massachusetts Connectional Institution - Concord - Inmate orientation Manual 2018) Page 20! States! Inmate Telephone ! The Department of Connection utilizes Global Tel-Link, which Provides For Access To Pre-Approved Telephone Numbers For inmates via a Personal Identification Number (PIN) New Arrivals to MCI-Concord should submit a PIN sheet upon Their Arrival. These Forms may be obtained in The Housing Unit From The Housing Unit officer or The Assigned Connectional Program officer (C.P.O.) For The unit - Inmates Are Allowed a Total of Fifteen (15) Telephone Numbers Authorized in conjunction with Their PIN. Five of Those Numbers Are Reserved For Attorney Telephone Numbers.

The Forms should be Filled out and dropped in the Inmate Telephone slip box at the institutional dining Hall The contents of this Box are collected daily. All inmate Telephone Calls, Except Those To Pre-Authorized Attorney Telephone Numbers And other Privileged call as Reflected in (Department of Correction) 103 CMR 482.00 seq are subject To Recording And monitoring IF An Inmate Experiences Trouble with his Pin He should complete a Telephone Trouble Form which is also Available in the Housing Unit and Deposit it in the Inmate Telephone Box at the Institutional dining Hall. Times Vary For the Administration of Pin Sheet information And the Resolution of Trouble Issues based on volume on any given day. Inmates may add or delete Numbers From Their Pin List during Four (4) designated Time Periods Annually. A Notice will be Posted in Each Housing Unit Announcing The Initiation of Each Change Period. During These quarterly change Periods (which are For Two weeks in January, April, July, and October) An Inmate may Request To Have Numbers Added or Deleted maintaining no more Than a Total of Fifteen (15) Active Numbers. If An Inmate Requires An urgent or Emergency Addition or change outside of a designated Change Period He should Report The matter To His C.P.O. who shall determined the Nature of The Issue And Verify The Validity Of The Emergency. For Further Information Refer To 103 CMR 482.00 seq Inmate Telephone Access And use.

Three way calling And Call Forwarding are strictly Prohibited violations of this directive And Any other Abuse And/or misuse of The Telephone system or the Telephones Themselves will Result in disciplinary Action

Exhibits A, H

## Hygiene
## MCI-Concord

37) Defendants, Moschos, Ripley Have violated The Policies and Procedures That are Written in the (Massachusetts Correctional Institute-Concord-Inmate Orientation Manual 2018) States; Page 9(N) Hygiene Articles; (a) All inmate Admissions To MCI-Concord shall be issued (1)

ditty bag containing the following: one comb, 1 bar of soap, one toothbrush, 1.1 oz toothpaste, 2 razors, 1 roll of toilet tissue, one each denture cleaner & adhesive (if necessary)

(b) Inmates shall recieve additional hygiene articles (toilet paper, soap) weekly upon request or more often if needed (REFER TO MCI-Concord Procedures for 103DOC 750)

Hygiene articles shall also be available for purchase through the inmate canteen.

MCI-Concord, August 2017 - Hygiene Standards Procedural Statement - G. Personal Hygiene -

i.) All new admissions to MCI-Concord shall be issued articles necessary for the maintenance of proper personal hygiene in accordance with 103 Doc. 401.01 by the booking staff

2) Once a week (normally Tuesdays) each unit will be issued an adequate amount of supplies which will include soap and toilet paper. Each inmate will be issued one (1) roll of toilet paper and a bar of soap upon request. Inmates may be issued additional soap or toilet paper thereafter upon request, by their unit officers.

3) Indigent inmates who are in need of additional hygiene items other than toilet paper and soap may request same by writing to the treasurer office

(a) Once a month the treasurer office will submit a list of indigent inmates requested hygiene items to the Deputy Superintendent of Operations

(b) The area lieutenants will then issue each indigent a package that contains toothpaste, a toothbrush, 2 razors, and a comb

4) Once issued the area lieutenant will note same on the list and return it to the Deputy Superintendent of Operations

5) Inmates identified as having Gender Identity Disorder or intersex inmates shall be given the opportunity to shower separately from other inmates after the 9:30 pm major count has been completed

Exhibits H, C

LEGAL Mail / PERSONAL CORRESPONDANCE

MCI- Concord

38) DEFENDANTS: Rodriques, Moschos, Ripley, did violate The Code OF Massachusetts Regulation (Department OF Connection) 103 cmr 481.05 (Indigent Inmate) by not Adhering To the way it is written and Failed To mail out Legal Correspondence, They also violate U.S. Constitution Amendment 1 - by not Allowing The Plaintiff To mail out Any Correspondance To other officials As They Are written in 103 cmr 481.10 (Privileged Mail)

The DEFENDANTS Rodriques, Moschos, Ripley Refused To mail out Plaintiff's Legal mail under 103 cmr 481.05 - STATES; Indigent Inmate; Upon Request For waiver of Fee's or Costs, An Inmate may be declared Indigent if; (a) At The Time of Request, The Inmate Has, in All Accounts To which He or She Has Access, A Total Amount Less Then or Equal To $10.00 plus The Cost or Fee's Sought To be waived; And (b) At No Time For 60 days immediately Preceding Said Request, Have The Inmate's Accounts contained more than $10.00 plus The Cost or Fee's sought To b waived (eg. Request To waive $5.00 on July 1, 2015; Indigent if, At No Time Since May 1, 2015, Total in Accounts Has Been more Than $15.00). In Addition To 103 cmr 481.05; Indigent Inmate (a)(b), The Superintendent may in His or Her discretion, designate An Inmate As indigent if The inmate Has Less Than $2.00 in His or HER Account At The Time of The Request, or in other circumstances As HE or She deems Appropriate.

MCI-Concord Inmate Orientation Manual - Page 18; STATES; B. outgoing;

THERE Shall

be No limitation on The Number of Persons with whom An Inmate Corresponds or The Number of Letters He sends or Recieves, Except Inmate To Inmate Correspondence without Prior Approval of The Superintendent. Unless declared "Indigent" by The Treasurer's Office in accordance with The Policy of The Commonwealth (see 103 DOC 481, Inmate Mail) Regarding Inmate indigence, All Inmates Are Responsible For Applying Postage And A Proper Return Address To Their Outgoing mail. Postage Stamps Are Available Through The canteen. "Indigent" inmates Are Allowed Three (3) Free one (1) oz. Letters Per Week Plus Legal mail

LEGAL MAIL IS COURTS AND COURT OFFICIALS ONLY.

THE DEFENDANTS REFUSED TO MAIL OUT PLAINTIFF'S LEGAL MAIL ON JANUARY 28, 2020, FEBRUARY 12, 2020, FEBRUARY 27, 2020, AND MARCH 10, 2020. THE MAIL ROOM PERSONAL HAD OPENED AND READ THE LEGAL CORRESPONDENCE THEN TAPED IT CLOSED AND RETURNED IT TO PLAINTIFF ON JANUARY 28, 2020 by way of TREASURERS OFFICE · DEFENDANTS, Moschos, Ripley           Exhibit I, H F

CLASSIFICATION

MCI· Concord

39) DEFENDANTS· LARSON, HAATHEY, HORGAN, LAREAU, did VIOLATE THE MASSACHUSETTS OBJECTIVE POINT BASE CLASSIFICATION SYSTEM AND THE CODE OF MASSACHUSETTS REGULATIONS (DEPARTMENT OF CORRECTION) 103 CMR 420.00 SEQ. by NOT ADHEARING TO 103 CMR 420.09, 103 CMR 420.08, 103 CMR 420.07 AND THE PLACING THE PLAINTIFF IN A(P.E.S) PROGRAM ENGAGMENT STRATEGY UNIT WITH OUT ANY RECOMMENDATIONS MADE during HIS INITIAL CLASSIFICATION OR RE·CLASSIFICATION AS HIS COMPAS READS IN ALL OF HIS CLASSIFICATION REPORTS WITHOUT MAKING ANY CHANGES

Exhibit G

40) ON JUNE 3, 2019 THE PLAINTIFF WAS TRANSFERRED TO MCI· Concord FROM THE Plymouth County Connectional Facility AND WAS WITHOUT FUNDS TO USE, OR ACCESS THE INMATE TELEPHONE SYSTEM UNTIL JUNE 17th, 2019, (APPROXIMENTLY 15 days without ACCESS TO PHONE)

41) PLAINTIFF HAS/HAD FILED SEVERAL, INFORMAL, FORMAL, AND APPEAL GRIEVANCES FOR THE WRONG doings OR VIOLATIONS THAT ALL DEFENDANTS HAVE CAUSED AGAINST THE PLAINTIFF

Exhibits J

AUTHORITIES

INMATE TELEPHONE

42) BRENNEMAN VS Madigen 343 F.Supp 128 (ND CAL 1972), MOORE VS JENING 427 F.Supp 567

(D. Neb. 1976) Inmates of Allegheny County Jail vs Wecht 565 F. Supp 1278 (WD Pa 1983),

Johnson vs Galli 596 F. Supp 135 (D. Nev 1984), The Better view Appears To be That There is no

Legitimate governmental Purpose to be Attained by not Allowing Reasonable Access To The

Telephone, and that Such use is Protected by The First Admendment, See Brenneman vs

Madigen 343 F. Supp 128, Johnson vs State of California 207 F 3d 650, Although Prisoners

Have a U.S. Constitution Amendment 1, Right To a Telephone Access, That Right is subject

To Reasonable Limitations Arising From the Legitimate Penological and Administrative

Interests of The Prison System. There is no Authority For The Proposition That Prisoners are

Entitled To a Specific Rate For Their Telephone calls. See Strandberg vs city of Helena

791 F2d 744 (9ᵗʰ Cir 1986), Rutherford vs Pitchess 457 F. Supp 104, 115-116 (CD Cal 1978), Rev'd

on other ground Sub nom Block vs Rutherford 468 U.S. 576, 82 LEd 2d 438, 104 S Ct 3227

(1984), Moore vs Janning 427 F. Supp 567 (D Neb 1976), Dillard vs Pitchess 399 F. Supp 1225,

1240 (CD Cal 1975), Bell vs Wolfish 441 U.S 520, 529 N10, 60 L Ed 2d 447, 99 S Ct 1861

(1979)(Noting Relief granted by District Court in Providing Telephone Access)

Strandelberg vs 791 F2d at 747 (citation omitted) Plaintiff's Allegations of Effective denial

of Telephone Access, Particulary in light of His circumstances, State a cognizable claim

under §1983, James Capald vs Plummer (ND Cal 1984), Telephone Access Federal Courts

Have consistantly Found Pre-Trial detainees and Prisoners First Amendment Right of

Access To Telephone, See Strandelberg, Bellamy vs McMickens 692 F Supp 205,

Lopes vs Reyes 692 F2d 15, Inmates of Suffolk County Jail vs Eisenstadt 360 F. Supp 676,

690 (D. Mass 1973), 494 F2d 1196 (1974)(1ˢᵗ Cir), Freely vs Sampson 570 F2d 364, 374

(1978 1ˢᵗ Cir) see Lane vs Hutcheson 794 F. Supp 877, 881 (ED mo 1992),

William Morrill Gilday Jr vs Larry Dubois 1124 F 3d 277 (1997), (1997 US App Lexis 8)

Inmate Telephone calls, including call monitoring, Recording And call detail, All

inmate calls must be Placed "Collect" Id §482.06 (3)(a) Each call begins with a

Recorded message .... Audible by "Both Parties" ... That The call Has Been Placed

"Collect" by a D.O.C. inmate and is subject To Recordation and detailing See Id

55

§ 482.06 (3)(g) Both Parties Hear The Entire message but There can be no communication until the "collect call" has been Accepted by the Person called see 103 CMR 482.06 (3)(f), Bellamy vs McMickens, Pino vs Daisham, Tucker vs Randell 948 F2d 388, 390-91 (7th cir 1991) 629 NE2d 319, Tuggle vs Barksdale 641 F.Supp 34, 37 (Tenn 1985) According to the Recorded message spoken of the Plaintiff can not Hear a Recorded message that is on the Massachusetts Correctional Institutions - Cedar Junction, Concord and Plymouth County Correctional Facility, Inmate Telephone Systems That is Provided by Securus Telephone Technologies, Inc. Also under 28 CFR §40.105 - Expenses of Inmate Telephone use, §540.105 (b) states: The Warden Shall Provide at least one "collect call" Each month for an Inmate who is without Funds. An Inmate without Funds is defined as an Inmate who has not had a Trust Fund Account balance of $6.00 For The Past 30 days. The Warden may increase the number of "collect calls" based upon Local Institution Conditions (e.g., Institution Population, staff Resources, and usage demand). To Prevent abuses of this Provision (e.g., Inmates shows a Pattern of depleting his or her commissary Funds Prior to Placing "collect calls"), The Warden may impose Restrictions on the Provisions of this Paragraph (b) And under §504.105 (d), The Warden may direct the government To bear the Expenses of Inmate Telephone use or allow a call to be made "collect" under compelling circumstances such as when an Inmate Has lost contact with his Family or Has a Family Emergency

Exhibits

## Authorities
### Legal mail / Personal Correspondence

43) White Eagle vs Storie 456 F.Supp 302, Lock vs Jenkins 464 F.Supp 551, Jamison vs Wetzel 2015 U.S. Dist. Lexis 23254, Gaity vs Fenton 440 F.Supp 1161 (1977), Stover vs Carlson 413 F.Supp 718, Smith vs Robbins 454 F2d 696, Marsh vs Moore 325 F.Supp 392, Larman vs Helgemoe 437 F.Supp 269, Hannod vs Halford 773 F2d 234, Brennan vs Cunningham 813 F2d 1, Olim vs Wakinekona 461 U.S. 238, Bounds vs Smith 430 U.S. 817, Dawson vs Kendrick 527

F. Supp. 1252, 1313-14, (SDW va 1981), Nolan vs ScaFati. 430 F2d 548, Lee vs Tahash 352 F2. 970, 504 F2 1100, Procunier vs Martinez 416 US 396, Feely vs Sampson 570 F2d 364, Lopez vs Reyes 652 F2d 15, Tuggle vs Barksdale 641 F. Supp 34, 37 (1585), Champagne vs Commissioner of Correction 480 NE2d 609 (1585) SJC

## Authorities

## Classification

44) Moody vs Dagget 429 US 28, 88 n9, 97 SCT 274 (1976), Harbin vs Rutter 420 F3d 571, 576 (5th cir 1982), Tubwell vs Griffith 742 F2d 250, 253 (6th cir 1984), Chaka vs Franzen 727 F. Supp 454, 457-59 (ND ill 1989)

## Conclusion

45.) The 42 USCA $1983 (1982) Provides in Part That Every Person who under color of any Statue, Regulation, custom or usage of any State subjects any citizen to the "Deprivation" of any Rights, Privileges, or Immunities secured by the United States Constitution and laws, Shall be liable to the Party injured in the Action at law, suit in Equity or other Proper Proceeding for Redress, Miller vs Commissioner 629 NE2d 315, 36 Mass App Ct 114 (1554), And the Plaintiff is bringing This Complaint under 42 USCA $1983 claim and/or under Massachusetts General Law chapter 258 seq. Due to the Facts that are contained Herein... including the Exhibits that tells the Facts Themselves. The Defendants, in their own way did Knowingly, Blatantly, and Delibertly violated Their own Policies and Procedures that are written down in Black and white within the Massachusetts Regulations (Department of Correction) 103 cmr 400. or seq series and the 103 DOC 750 seq without The Department of Correction, Commissioner, Carol Mici Powers of Authority under M.G.L.A. c 124 $1 seq. and violating Those Policies and Procedures as they are written within Their Inmate Orientation Manuals

In Their Official and/or Un-Official capacity They did and Have committed wrongful Acts in which They Have even Violated The United States Constitution Amendments One, Eight, Fourteen And other Prisoner Rights.

SEE Authorities; Pranott vs Taylor 451 US 527, 535, Daniels vs Williams 474 US 327,

Gutierrez-Rodrigues vs Cartagena 882 F2d 553, 559, Vonture vs Vitale 761 F2d 812, 819,

Saugus vs Vonture. 474 US 1100, Monell vs Department of Social Services 436 US 658, 694,

Bizza vs Goodie 423 US 362, 370-71, Figueroa vs Aponte-Roque 864 F2d 947, 953,

Simons vs Dickhaut 804 F2d 182, 185, Santosky vs Kramer 455 US 745

WHEREby; Defendants shall Be Held Accountable To Thee utmost Amount of Damages That The Courts Allow and/or Deem Reasonable For The Plaintiff

WHEREFore; The Plaintiff Demands A Jury Trial

DATE; 5-16-20

Respectfully Submitted,

_____ Pro SE

Donald P Renkowicz ~ W112470

965 Elm St PoBox 9106

Concord Mass 01742

TO: UNITED STATES DISTRICT COURT
CLERK/MAGISTRATE OFFICE
John Joesph McArkley - U.S. Courthouse
ONE Courthouse Way - Suite 2300
Boston Mass 02210

RE: MOTION

DEAR CLERK/MAGISTRATE,

PLEASE Find Enclosed PLAINTIFF'S REQUEST For PRODUCTION oF DOCUMENTS AND Things, CERTIFICATE oF SERVICE, AND Could you PLEASE FILE THESE documents Accordingly

Thank you FOR your TIME AND ATTENTION TO This matTER AND I AWAIT FOR your Reply

DATE: 5-16-20

SINCERELY

PRO SE

DONALD P BENKOWICZ  #W112470
965 Elm St PO BOX 9106
Concord mass 01742